UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
QAID FOAD, *et al.*,  :
 :
                Plaintiffs,  :
 :    **MEMORANDUM AND ORDER**
       -against-  :              13-CV-6049
 :
ERIC H. HOLDER, Attorney General  :
of the United States, *et al.*,  :
 :
                Defendants.  :
 :
------------------------------------------------------------ X
**DORA L. IRIZARRY, United States District Judge:**

      Qaid Foad[1], his wife Halemah Alkhdhaeri, and minor children M, N, H, and E (collectively, the "Plaintiffs") bring this action to compel Defendants: Eric H. Holder, Attorney General of the United States, Jeh Johnson, United States Secretary of Homeland Security, John Kerry, United States Secretary of State, Janice L. Jacobs, United States Assistant Secretary of State for Consular Affairs, Matthew H. Tueller, United States Ambassador to Yemen, Leon Rodriguez, Director of United States Citizenship and Immigration Services (collectively, "Defendants") and those acting under them to adjudicate Plaintiffs' immigrant visa applications.[2] On January 30, 2014, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*See generally* Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs. Mem"); Dkt.

---

[1] Plaintiff uses different aliases throughout the Complaint including Fuad Qaid, Foad Qaid, and Fouad Qaid.

[2] Pursuant to Federal Rule of Civil Procedure (25)(d) defendant Janet Napolitano is substituted by successor Jeh Johnson, as United States Secretary of Homeland Security; defendant Hillary Rodham Clinton is substituted by successor John Kerry, as United States Secretary of State; defendant Gerald Michael Feierstein is substituted by successor Matthew H. Tueller, as United States Ambassador to Yemen; and defendant Alejandro Mayorkas is substituted by successor Leon Rodriguez, as Director of United States Citizenship and Immigration services.

Entry No. 5.) The Court struck Plaintiffs' response to Defendants' motion from the record as it clearly was not related to this case. (*See* Order Striking Plaintiffs' Response, July 16, 2014.) Plaintiffs never refiled an appropriate response. Accordingly, Defendants' motion to dismiss is deemed unopposed. For the reasons set forth below, Defendants' motion is granted for lack of subject matter jurisdiction and the case is dismissed.

## BACKGROUND

Except as otherwise indicated, the following facts are as alleged in the Complaint. (*See generally* Compl.; Dkt. Entry No. 1.) Plaintiff Qaid Foad was born in Yemen and has been a lawful permanent resident of the United States since March 24, 1994. (Compl. ¶ 9., Exhibit B. attached to Compl.) On June 26, 1998, Plaintiff Qaid Foad married Plaintiff Halemah Alkhdhaeri in Sanaa, Yemen and they have four children together; M, N, H, and E. (Compl. ¶ 9-10, Exhibits C. & D attached to Compl.) On April 24, 2006, Plaintiff Qaid Foad filed Immigrant Petitions for Alien Relatives Forms I-130 ("I-130") in order for his wife and their children to become permanent residents of the United States.[3] (Compl. ¶ 6.) Plaintiff Qaid Foad alleges that these I-130 applications were approved on October 17, 2007.[4] (Compl. ¶ 6, Exhibit A attached to Compl.) Plaintiff Qaid Foad also filed Immigrant Visa Application Forms 230 ("DS-230") in order for his wife and their children to obtain immigrant visas to the United States. (Compl. ¶ 7.)

Plaintiffs claim that their case has been pending in the United States Embassy in Yemen and Defendants have failed to take any action on the matter since the I-130s were approved in

---

[3] Exhibit A reflects April 24, 2006 only as the filing date for Plaintiffs Halemah Alkhdhaeri, H, and N. Plaintiffs did not provide the Court with documents showing M and E's filing date.

[4] Exhibit A contains only Plaintiffs Halemah Alkhdhaeri, H, and N's I-130 approval notices. None of the Exhibits in the complaint have any documents pertaining to the filing or approval of M's I-130 application. Furthermore, for E, Exhibit A does not contain an I-130 approval notice, but merely a receipt notice from USCIS acknowledging their receipt of E's I-130 application. E's receipt notice is dated January 18, 2008 and shows that E's I-130 application was filed on August 22, 2007.

2

2007 and all the required documents on the DS-230 applications have been submitted. (Compl. ¶ 6.) As such, Defendants allegedly unlawfully have withheld adjudication of the visa applications and unreasonably failed to perform duties owed to Plaintiffs. (Compl. ¶ 19.) Specifically, Plaintiffs argue that: (1) the Court has jurisdiction over any action in the nature of mandamus to compel an officer, employee, or agency of the United States to perform a duty owed to Plaintiffs pursuant to the Mandamus Act, 28 U.S.C. § 1361; (2) pursuant to that jurisdiction, the Court should compel agency action that has been withheld unlawfully or unreasonably delayed by failure of the Defendants to issue a decision within a reasonable period of time pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1); and (3) the Court should grant any other "[f]urther necessary or proper relief" 28 U.S.C. §2202 pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. (Compl. ¶¶ 19-21.)

Defendants, seek dismissal of the Complaint, contending the claims are barred by the doctrine of consular non-reviewability. Additionally, Defendants claim that ongoing terrorist acts against the United States Embassy in Yemen have placed limitations on the availability of consular services there. (Defs.' Mem. at 4-5.)

In late 2012, a Yemini citizen employed by the embassy in Yemen was killed. (*Id.*, App. A attached to Defs.' Mem.) On August 6, 2013, the United States State Department ordered the departure of all United States non-emergency government personnel from Yemen due to the continued potential terrorist attacks, restricting staff levels at the Embassy. (*Id.* App. C attached to Defs.' Mem.) On December 4, 2013, at the time Defendants' motion was filed, the embassy [was] open, but only for limited consular services. (*Id.*, App. D attached to Defs.' Mem.)

Additionally, the Court takes judicial notice that, as of January 21, 2015, the embassy temporarily was closed for consular services because of the ongoing security issues in Yemen.[5]

## DISCUSSION

A. <u>Standard of Review</u>

In evaluating a motion to dismiss under Rule 12(b)(1), the Court accepts as true all factual allegations in the Complaint, but does not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d 635, 638 (2d Cir. 2005). In determining the existence of subject matter jurisdiction, a district court may consider evidence outside of the pleadings without converting the motion to one of summary judgment under Federal Civil Procedure Rule 56. *Makarova*, 201 F.3d at 113; *Alliance for Envtl. Renewal Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 8 (2d Cir. 2006) (citation omitted). Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under both Rules 12(b)(1) and 12(b)(6), the Court must address the 12(b)(1) motion first. *Sherman v. Black*, 510 F. Supp. 2d 193, 197 (E.D.N.Y. 2007) (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F. 2d 674, 678 (2d Cir. 1990).

B. <u>The Doctrine of Consular Non-Reviewability</u>

Defendants argue that the Court lacks subject matter jurisdiction because Plaintiffs' claim is barred by the doctrine of consular non-reviewability. (Defs.' Mem. at 2.) The doctrine of

---

[5] Embassy of the United States in Sanaa, Yemen, Statement on Consular Services, http://yemen.usembassy.gov/immigrant_visas.html (last updated Feb. 8, 2015).

consular non-reviewability refers to the "long-standing judicial practice of refusing to review a consular official's decisions to issue or withhold a visa." *Am. Acad. Of Religion v. Chertoff*, 463 F. Supp. 2d 400, 417 (S.D.N.Y. 2006) (citing *Saavedra Bruno v. Albright*, 197 F. 3d 1153, 1159 (D.C. Cir. 1999)). Congress, through its plenary powers, has vested United States consular officers with the exclusive power to issue or deny visas. *See* 8 U.S.C. § 1101(a)(9), (16); 8 U.S.C. § 1201(a); 8 U.S.C. § 1104(a)(1) ("The Secretary of State shall be charged with the administration and the enforcement of … immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties and functions conferred upon the consular officers relating to the granting or refusal of visas.*" (emphasis added); *see also Khanom v. Kerry*, 2014 WL 3531144, at *3 (E.D.N.Y. July 15, 2014) ("This doctrine of consular non-reviewability reflects the plenary power of Congress 'to prescribe the terms and conditions upon which [aliens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention.'" (quoting *Wan Shih Hsieh v. Kiley,* 569 F.2d 1179, 1181 (2d Cir. 1978)).

The doctrine is well settled and beyond dispute. *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972); *Rivera de Gomez v. Kissinger*, 534 F.2d 518, 519 (2d Cir. 1976) (affirming the district court's holding that it "lacks jurisdiction to review the acts of American consular officials in determining whether or not to issue a visa"). More recently, another court in this district noted that, under the Second Circuit's established law "'no jurisdictional basis exists for review of the action of the American Consul in [a foreign country] suspending or denying the issuance of immigration visas.'" *Khanom*, 2014 WL 3531144, at *3 (quoting *Hsieh*, 569 F.2d at 1181; *see also Zhang v. U.S. Citizenship & Immigration Serv*., 2005 WL 3046440, *7 (S.D.N.Y. Nov. 8,

2005) (finding no basis to "overcome the jurisdictional bar to review of consular decisions denying visas by relying on the Declaratory Judgment Act, the Administrative Procedure Act, or by seeking mandamus to require the consulate to decide his . . . visa petitions")).

The doctrine's jurisdictional bar is not absolute, but becomes applicable only when the constitutional, rather than statutory, rights of American citizens or legal residents are implicated. *See Morales v. Goldbeck*, 2013 WL 937825, at *6 (E.D.N.Y. March 11, 2013) (citing *Am. Acad. of Religion v. Chertoff*, 463 F. Supp. 2d at 417 ("[T]he doctrine [of consular non-reviewability] does not apply in cases brought by U.S. citizens raising constitutional, rather than statutory claims.").  However, Plaintiffs have not claimed any violations of their constitutional rights and assert only statutory bases for this Court to exercise jurisdiction over their case.  None of the statutes that Plaintiffs rely on allow the Court to review a consulate's decision to issue a visa. *See Hsieh*, 569 F.2d at 1181-82 (finding no subject matter jurisdiction under either the Declaratory Judgment Act or the APA); *Yu Chu Hom v. Goldbeck*, 2010 WL 2265054, *4 (E.D.N.Y. May 28, 2010) ("Courts have repeatedly found that the APA does not provide an end-run around the consular non-reviewability doctrine."); *Castillo v. Rice*, 581 F. Supp. 2d 468, 474 (S.D.N.Y. 2008) ("The APA itself provides that it does not apply where an 'agency action is committed to agency discretion by law.'" (quoting 5 U.S.C. § 701(a)(2))); *Maldonado-Coronel v. McElroy*, 943 F. Supp. 376, 381 (S.D.N.Y. 1996) (finding that there was no "obvious foundation upon which [to] exercise jurisdiction" where the plaintiff had alleged jurisdiction was provided by the APA, the Mandamus statute, the Declaratory Judgment Act, and the Immigration and Nationality Act, among other statutes).

Considering the facts of this case, the Court finds that it lacks subject matter jurisdiction to grant Plaintiffs the relief sought. This Court is bound by the well settled doctrine of consular

non-reviewability and cannot mandate Defendants, including United States embassy officials, to adjudicate Plaintiffs' immigration requests. As such, the Complaint is dismissed pursuant to Rule 12(b)(1) and the Court need not address whether dismissal is warranted under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court lacks jurisdiction to consider Plaintiffs' claim. Accordingly, Defendants' motion to dismiss the Complaint is granted and the Complaint is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
       April 7, 2015

_____/s/_____
DORA L. IRIZARRY
United States District Judge